IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
08/31/2009

|  |  |
|---|---|
| IN RE | ) |
|  | ) |
| JEANETTE R. SPARKS, | ) CASE NO. 09-30238-H3-7 |
|  | ) |
| Debtor, | ) |
|  | ) |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Trustee's Limited Objection to Debtor's Claim of Exemption" (Docket No. 34). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Jeanette R. Sparks ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 9, 2009. Ben B. Floyd is the Chapter 7 Trustee.

On Debtor's schedule I, Debtor lists her age on the petition date as 55. Debtor states she is unemployed, and lists no income. (Docket No. 19). On Debtor's "Chapter 7 Statement of Current Monthly Income and Means-Test Calculation," Debtor lists unemployment income of $819 per month, and $83.33 per month in

help from family members.  (Docket No. 25).  In Debtor's statement of financial affairs, Debtor states she received $13,426 in income for 2008, $34,791 in income for 2007, and $34,806 in income for 2006.  (Docket No. 27).

On the petition date, Debtor owned an interest in real property located at 17018 Coachmaker Dr., Friendswood, Texas. (Docket No. 4).  In Debtor's initial Schedule C, filed on January 13, 2009, Debtor claimed the property exempt as homestead, pursuant to 11 U.S.C. § 522(d)(1).  (Docket No. 11).

Debtor filed amendments to Schedule C on February 17, 2009 (Docket No. 31), on March 5, 2009 (Docket No. 33), and, after Trustee filed the instant objection, on April 1, 2009 (Docket No. 34), Debtor again amended Schedule C on May 7, 2009 (Docket No. 38).

In the amendment filed March 5, 2009, Debtor retained the previous claim of exemption of the real property, in the printed material on Schedule C.  There is also a handwritten statement:  "Previous exemption amount in error.  House sold per agreed order with lender.  No longer part of estate."  (Docket No. 33, at p. 1).[1]  The amendment filed March 5, 2009 also contains a handwritten addition, claiming exempt under 11 U.S.C. § 522(d)(5), property identified as "Edward Jones Mutual Funds (Retirement)," with a value of $11,714.13.  (Docket

---

[1] The court notes that there is no agreed order on the docket.

2

No. 33, at p. 9).

In the instant objection, Trustee objects to the exemption of funds held in the Edward Jones account, and the proceeds from sale of the home,[2] on grounds the exemption exceeds the amount allowed under 11 U.S.C. § 522(d)(5).

In the amended Schedule C filed on May 7, 2009, Debtor again used the printed material claiming exemption of the homestead, with a different handwritten notation "Sold-No longer part of estate."  Debtor also added a handwritten notation to the previous handwritten claim of exemption of the Edward Jones account, also asserting that it is exempt under Section 522(d)(10)(E).  (Docket No. 38).

At the hearing on the instant objection, the only evidence presented was requests by both parties that the court take judicial notice of the documents filed in the instant case.

## Conclusions of Law

Section 522(d)(1) of the Bankruptcy Code provides for exemption of the debtor's aggregate interest, not to exceed $20,200 in value, of, _inter alia_, real property that the debtor uses as a residence.  11 U.S.C. § 522(d)(1).

Section 522(d)(5) of the Bankruptcy Code provides for exemption of the debtor's aggregate interest in any property, not to exceed in value $1,075 plus up to $10,125 of any unused amount

---

[2] In the instant objection, Trustee asserts this amount to be $4,943.74.

3

of the exemption provided in paragraph (1) of Section 522(d).
11 U.S.C. § 522(d)(5).

Section 522(d)(10)(E) of the Bankruptcy Code provides for exemption of:

> (10) The debtor's right to receive-
>
> (E) a payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless-
>
> > (i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;
> >
> > (ii) such payment is on account of age or length of service; and
> >
> > (iii) such plan or contract does not qualify under section 401(a), 403(a), 403(b), or 408 of the Internal Revenue Code of 1986.

11 U.S.C. § 522(d)(10)(E).

Under Bankruptcy Rule 4003(c), the objecting party has the burden of proving that the exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

Exemptions claimed are determined by the facts and the law as they exist on the date of filing the bankruptcy petition. <u>In re Zibman</u>, 268 F.3d 298 (5th Cir. 2001).

In the instant case, Debtor still owned the home on the petition date. Thus, up to $20,200 of Debtor's equity in the

home was exempt pursuant to Section 522(d)(1). No evidence was presented as to Debtor's equity in the home on the petition date. Debtor's postpetition sale of the home and retention of the proceeds has no effect on its exempt character under Section 522(d)(1).

As to the exemption under Section 522(d)(5), in the absence of evidence as to Debtor's equity in the home, the full amount of $1,075 plus $10,125 of the unused amount of the exemption applies to the funds held in the Edward Jones account. Thus, $11,200 in the account is exempt under Section 522(d)(5).[3]

As to the remaining $514.13 in the Edward Jones account,[4] Debtor argues that Section 522(d)(10)(E) provides for exemption, citing In re Brucher, 243 F.3d 242 (6th Cir. 2001) for the proposition that the purpose for which the Debtor in the instant case asserts she held the Edward Jones account, for her retirement, controls on the question of whether the account is exempt under Section 522(d)(10)(E).

The Sixth Circuit's opinion in Brucher is inapposite to the instant case. In Brucher, the account at issue was an Individual Retirement Account, which qualified under Section 408

---

[3] The court notes that the same result would apply if the evidence had shown the value of Debtor's equity in the home, as measured by the amount Debtor received in the subsequent sale, was the amount asserted by Trustee.

[4] That is, $11,714.13 in the account, less $11,200 exempt pursuant to 11 U.S.C. § 522(d)(5).

of the Internal Revenue Code. Debtor's counsel acknowledged that the Edward Jones account is not an IRA. The court concludes that $514.13 of the amount in the Edward Jones account is not exempt.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on August 31, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE